UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN CHRISTIAN CAYCHO,

      Plaintiff,

v.                                                          Case No. 8:22-cv-2502-KKM-AEP

AMERICAN SECURITY INSURANCE
COMPANY,

      Defendants.

_____

## ORDER

Plaintiff Juan Christian Caycho sues his insurer, American Security Insurance Company (American Security) for breach of his insurance contract and for statutory and common law bad faith in handling his claim. Because there is no final determination of liability and damages, the bad faith claim is premature, and therefore unripe. Without subject-matter jurisdiction over that claim, the bad faith claim is dismissed.

## I.  BACKGROUND

Caycho had an insurance policy with American Security for his home in Tampa, Florida, which was in effect in September 2017. Compl. (Doc. 1-3) ¶¶ 4–5. On September 1, 2017, a water leak damaged the interior of the property. *Id.* ¶ 7. Caycho provided American Security with notice of the loss and American Security paid him $ 3,404.91. *Id.*

¶¶ 8, 10. Caycho alleges that this amount did not cover the extent of the water damage; instead, the estimated damage to the home was close to $90,000. Ex. E to Notice of Removal (Doc. 1-8) at 19.

Caycho originally sued American Security in state court for breach of the insurance contract and for "statutory and common law Bad Faith." Compl. ¶¶ 14, 18. American Security removed based on diversity jurisdiction. Notice of Removal (Doc. 1-1). American Security then moved to dismiss the bad faith claim, MTD (Doc. 6), which was denied without prejudice because it failed to comply with Local Rule 3.01(g), (Doc. 7). American Security failed to timely refile the motion, and instead filed an answer only as to the breach of contract count. It noted that the parties "have agreed that Count II for Bad Faith is premature and Count II should be abated." Answer (Doc. 16) at 3 n.2. I then directed Caycho to show cause why Count II should not be dismissed as premature, (Doc. 22), and Caycho responded. Resp. (Doc. 23).

## II.   LEGAL STANDARD

Article III limits the jurisdiction of federal courts to "Cases" and "Controversies," *see TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992), thereby "confin[ing] the federal courts to a properly judicial role." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). As such, federal courts must independently assure themselves that they have jurisdiction over a case at every stage,

regardless of whether the parties raise the issue or agree that jurisdiction exists. *See Plains Com. Bank v. Long Fam. Land & Cattle Co.*, 554 U.S. 316, 324 (2008); *United States v. Ross*, 963 F.3d 1056, 1062 (11th Cir. 2020). "Federal courts have an obligation to examine sua sponte their own jurisdiction over a case, notwithstanding the contentions of the parties" because "subject-matter jurisdiction underlies a court's power to hear a case." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020); *see also Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (same for ripeness).

## III.   ANALYSIS

### A. This Claim is Premature

Bad faith insurance claims arise when, as a result of an insurer's failure to settle claims in good faith, an insured incurs damages.[1] *See* § 624.155, Fla. Stat; *McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1059 (11th Cir. 2022). "The damages recoverable by the insured in a first-party bad-faith action are those amounts that are the consequences of the insurer's bad faith," including "interest, court costs, and reasonable attorney's fees." *Imhof v. Nationwide Mut. Ins. Co.*, 643 So. 2d 617, 619 (Fla. 1994).

---

[1] In his response to the order to show cause, Caycho represents Count II as only a statutory claim, but the complaint alleges both statutory and common law bad faith. *See* Compl. ¶ 18. These are separate causes of action and thus should be pleaded separately. *See Weiland v. Palm Beach Cnty Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The third type of shotgun pleading" is one that errs by "not separating into a different count each cause of action or claim for relief."). Because both a statutory and a common law claim are currently unripe and must be dismissed, I do not strike the complaint as a shotgun pleading.

A bad faith claim "is premature until there is a determination of liability and extent of damages owed" under the policy. *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000). Until it is clear that the insurer should have paid and how much, the insurer cannot be said to have acted in bad faith by refusing to do so. *Blanchard v. State Farm. Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). For example, consider how a bad faith claim proceeds based on an uninsured motorist policy. For an insured to bring a bad faith claim against his insurer there, his "underlying first party action for insurance benefits against the insurer necessarily must be resolved favorably to [him] before the cause of action for bad faith" because "[i]f an uninsured motorist is not liable to [him]. . . then the insurer has not acted in bad faith in refusing to settle." *Id.*

Here, Caycho brings both a breach of contract claim—which will determine whether American Security was liable under the policy for the water damage beyond what it originally paid—and a bad faith claim—which presumes that the breach of contract claim will go Caycho's way. Until the breach of contract claim is resolved, Caycho's bad faith claim does not accrue. *See Romano v. Am. Cas. Ins. Co. of Reading, Pa.*, 834 F.2d 968, 970 (11th Cir. 1987) (affirming dismissal of statutory bad faith claim as unripe).

Caycho argues that American Security conceded liability by paying $3,404.91, "even though the amount of liability is disputed." Resp. at 4. But Florida law does not require only a determination of liability; it also requires a determination of damages. *Imhof*, 643

4

So. 2d at 619 (holding that "a complaint for a bad-faith claim requires an allegation that there has been a determination of damages"); *Blanchard*, 575 So. 2d 1291 (same); *Vest*, 753 So. 2d at 1276 (reaffirming *Blanchard* and *Imhof* on this point).

Caycho points to *Plante v. USF&G Specialty Ins. Co.*, No. 03-23157CIV, 2004 WL 741382 (S.D. Fla. Mar. 2, 2004), to support his argument. There, the insurer originally agreed to cover damages to the plaintiff's home, and even sent a crew to begin work. *Id.* at *1. Following several months of back and forth and after plaintiff paid advances to construction crews, one crew demolished her bathroom, and work was not completed, the insurer backtracked and refused to cover repairs. *Id.* She brought a bad faith claim, and the court determined that it was not premature. It held that the insurer's concession of liability was enough, and that "an insured's breach of contract claim has been resolved sufficiently to bring a bad faith claim as long as the insurance carrier concedes liability on the claim, even when the carrier disputes the amount for which it is liable." *Id.* at *3.

*Plante* is neither binding nor persuasive and, in any event, is distinguishable. *Plante* requires a concession of only liability, not damages. *Id.* at *3. Of course, Florida law does not require a determination of damages by court judgment. *See Imhof*, 643 So. 2d at 619 (noting that an arbitration award of damages could give rise to bad faith claim); *McNamara*, 30 F.4th at 1057 (interpreting Florida law to allow consent judgments to give rise to bad faith claims). But Florida law requires at least an allegation that damages have

been finally determined in some way. I therefore, like some other district courts, find *Plante* unpersuasive. *See, e.g., Myers v. Provident Life & Accident Ins. Co.*, 564 F. Supp. 3d 1157, 1169 (M.D. Fla. 2021) (ruling that bad faith claim was unripe); *Felkner v. Lexington Ins. Co.*, No. 3:05-cv-419, 2005 WL 8163379, *3 (N.D. Fla. Dec. 22, 2005) (disagreeing with *Plante* and finding it unpersuasive).

Next, *Plante* itself distinguishes cases like Caycho's, where the plaintiff's complaint contains a breach of contract claim and a bad faith claim. *Id.* at *4 (distinguishing *Fishkin v. Guardian Life Ins. Co. of Am.*, 22 F. Supp. 2d 1365 (S.D. Fla. 1998), which ruled plaintiff could not amend complaint to add bad faith claim to breach of contract action). And unlike in *Plante*, where the plaintiff did not argue that the insurer's original concession of liability was insufficient, Caycho argues that the American Security's original coverage determination was inadequate. *See, e.g., Myers*, 564 F. Supp. 3d at 1169 ("[Plaintiff] did not allege that the [original coverage] determination was correct and that he merely received insufficient payments. As a result, a determination of liability and extent of damages did not yet exist.").

Therefore, without a final determination of liability and damages in the breach of contract claim, Caycho's bad faith claim is premature.

## B. Dismissal Is Appropriate

So what to do with Count II? The parties agree that if the claim is premature, it should be abated until it ripens. Answer at 3 n.2; Resp. at 5–6. In Florida courts, "abatement is an appropriate procedural device" when a bad faith action is brought with the underlying damages action. *Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214, 1230 (Fla. 2016); *see also Torres v. Safeco Ins. Co. of Ill.*, No. 8:21-cv-622, 2021 WL 1909694, *1 (M.D. Fla. May 12, 2021) (noting that *Fridman* only allows abatement; it does not require it). Many Florida courts therefore abate unripe bad faith insurance claims for reasons of judicial economy. *But see Torres*, 2021 WL 1909694, at *2 (noting that abatement "does not guarantee" efficiency). But federal district courts in Florida are somewhat divided as to whether abatement is an appropriate remedy for unripe claims in federal court. *See Shvartsman v. GEICO*, No. 6:17-cv-437, 2017 WL 2734083, *1 (M.D. Fla. June 22, 2017) (collecting cases).

Federal courts are courts of limited jurisdiction, and no amount of judicial economy can override those limits. "A foundational principle of Article III is that an actual controversy must exist not only at the time the complaint is filed, but through all stages of litigation." *Trump v. New York*, 141 S. Ct. 530, 534 (2020) (internal quotations omitted). In addition to standing, "[t]he doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' requirement." *DaimlerChrysler Corp. v.*

*Cuno*, 547 U.S. 332, 352 (2006). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.' " *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

Premature bad faith claims like Caycho's rest on exactly that. His breach of contract claim may establish the liability and extent of damages necessary to give rise to the bad faith claim, or it may be decided in favor of American Security. The "contingent future events" may occur as he anticipates, or they "may not occur at all." *Id.* I therefore am persuaded by the balance of district courts who agree that premature bad faith claims are unripe, and abatement is therefore not a proper remedy. *See, e.g., Larkin v. Depositors Ins. Co.*, No. 6:20-cv-599, 2020 WL 13358555, at *6–7 (M.D. Fla. July 31, 2020); *Toburen v. State Farm Mut. Auto. Ins. Co.*, No. 3:17-cv-955, 2017 WL 9935025, *1 (M.D. Fla. Oct. 13, 2017); *Merique v. Progressive Select Ins. Co.*, No. 8:17-cv-1937, 2017 WL 4410186, at *1 (M.D. Fla. Oct. 4, 2017).

Where a court lacks jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868). Because ripeness is a jurisdictional question, and it is my duty to ensure jurisdiction exists throughout all stages of a case, I must sua sponte dismiss Count II.

## IV.   CONCLUSION

Caycho's bad faith claim is unripe and federal courts lack subject matter jurisdiction

to decide it. Accordingly, it is **DISMISSED without prejudice.**

**ORDERED** in Tampa, Florida, on April 6, 2023.

Kathryn Kimball Mizelle
United States District Judge